IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:92 CR 206** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **HALIM ABDULLAH AYYUYBI,** | ) | |
| **aka Allen Randy McClain,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon Defendant's Petition for the Writ of Audita Querela (Docket #115). Defendant asks the Court to reconsider his sentence pursuant to the decision in *U.S. v. Booker*, 543 U.S. 220 (2005). Defendant asserts that the sentence imposed in this case was greater than necessary and that "exceptional circumstances" at the time of sentencing rendered his sentence unjust. Defendant requests to be resentenced "so the sentence is reasonable and complies with 18 U.S.C. § 3553(a)."

**Factual and Procedural Background**

Defendant was convicted on two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1 and 3); two counts of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 4); and, one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). Defendant was sentenced, pursuant

to the Armed Career Criminal Act ("ACCA"), to a term of imprisonment of 188 months on Counts 1, 3 and 5; a consecutive term of 5 years on Count 2; and, a consecutive term of 20 years on Count 4.  Defendant's conviction was affirmed on appeal.  Defendant is currently serving his sentence.  Defendant never filed a habeas corpus petition or any other petition for post-conviction relief.

Defendant filed his Petition for the Writ of Audita Querela on October 1, 2009 (Docket #115).  Defendant asks the Court to reconsider his sentence pursuant to decision in *U.S. v. Booker*, 543 U.S. 220 (2005).  On November 20, 2009, the Government filed a Response in Opposition to Defendant's Petition for Writ of Audita Querela (Docket #116).  On December 1, 2009, Defendant filed his Reply Brief.  (Docket #117).

**Conclusion**

The Court has reviewed Defendant's Petition; the Government's Opposition Brief; and Defendant's Reply, as well as the documentation offered in support thereof.

"The Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim -- including a *Booker*-based claim -- that would be  cognizable in a motion under 28 U.S.C. § 2255, but for the impediments raised by this statute itself."  *United States v. Kirksey*, No. 00-CR-8-654, 2009 U.S. Dist. LEXIS 44114, at *4-5 (E.D. Mich. 2009) (citing *Halliburton v. United States*, No. 02-5670, 59 F. App'x 55, 57 (6th Cir. Feb. 4, 2003); *see also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007); *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007); *United States v. Holt*, 417 F.3d 1172, 1174-75 (11th Cir. 2005); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *Shelton v. United*

*States*, No. 06-2630, 201 F. App'x 123, 124 (3d Cir. Oct. 12, 2006); *United States v. Sims*, No. 90-80492, 2008 U.S. Dist. LEXIS 86995, 2008 WL 4791298, at *1-*2 (E.D. Mich. Oct. 28, 2008)). Furthermore, *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).[1]

Defendant cannot circumvent the rules set forth under Section 2255 by calling the Petition one for writ of *audita querela*. Further, *Booker* is not retroactive to cases on collateral review and, thus, cannot be raised by a motion under Section 2255. There are no extraordinary circumstances which would warrant this Court to find otherwise. Defendant is not entitled to relief. Accordingly, Defendant's Petition for Writ of Audita Querela (Docket #115) is DENIED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: February 4, 2011

---

[1] *See also United States v. Houston*, Case No. 3:93 CR 746, 2009 U.S. Dist. LEXIS 121600 (N.D. Ohio 2009); *United States v. Swain*, Case No. 03-20031, 2009 U.S. Dist. LEXIS 53323 (E.D. Mich. 2009); *Delegal v. United States*, Case Nos. 1:06 CV 19 and 1:90 CR 08, 2006 U.S. Dist. LEXIS 76281 (E.D. Tenn. 2006); *United States v. Foley*, Case No. 1:92 CR 109-01, 2005 U.S. Dist. LEXIS 32904 (W.D. Mich. 2005);