UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:92CR0206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HALIM ABDULLAH AYYUBI, | ) | |
| aka Allen Randy McClain, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OF OPINION |

Before the Court is *pro se* defendant Halim Abdullah Ayyubi's Motion to Appeal *In Forma Pauperis* (Docket # 132). For the reasons stated below, the motion be denied.

I. Facts and Proceedings.

In 1992, this Court sentenced Defendant to an aggregate prison term of 488 months. On direct appeal to the Sixth Circuit, the Court's judgment was affirmed. *United States v. McClain*, No. 94-3192, 1995 WL 319088 (6th Cir. May 25, 1995). Defendant did not seek post-conviction relief under 28 U.S.C.§ 2255.

On October 1, 2009, Defendant filed a Petition for the Writ of Audita Querela (Docket

#115) seeking re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). The petition, was denied because (1) Defendant attempted to circumvent the requirements of 28 U.S.C. § 2255; (2) *Booker* does not apply retroactively to cases on collateral review; and (3) no extraordinary circumstances warranted relief. (Docket #120). On appeal, the Sixth Circuit affirmed this Court's judgment and denied the Defendant's motions to recall the mandate. *United States v. McClain*, No. 11-3256 (6th Cir. Nov. 27, 2012)(Docket # 126).

On March 4, 2013, Defendant filed a second Petition for the Writ of Audita Querela (Docket #127) seeking re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). The Petition was denied on March 19, 2013. (Docket # 128). Ten days later, Defendant filed a Notice of Appeal from this Court's decision to deny his second Petition. On April 15, 2013, Defendant filed the motion for leave to appeal *in forma pauperis* that is now before the Court. (Docket # 132).

II. Authorities.

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. §1915(a)(3). A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438 (1962). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, at * 1 (S.D.Ohio 2008); *see Coppedge*, 369 U.S. at 445.

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in

> the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing

FED. R.APP. P. 24(a).

The Defendant's motion for leave to appeal *in forma pauperis* fails to state any issues that he intends to present on appeal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C). Similarly, in his Notice of Appeal, Defendant is silent as to any specific issues he wishes to present on appeal. Moreover, both this Court and the Sixth Circuit have advised Defendant that he cannot challenge the constitutionality of his sentence through a Petition for the Writ of Audita Querela.[1] To the extent Defendant's Petition lacks any arguable basis either in law or in fact, the Court finds that it is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Conclusion

Based on the foregoing, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from its March 19, 2013 decision cannot be taken in good faith. Accordingly, Plaintiff's

---

[1] The Defendant subsequently a Motion to Vacate pursuant to 28 U.S.C. §2255 on July 31, 2013. That case is currently pending before this Court. *See McClain v. United States, No.* 5:13-cv-01650 (N.D. Ohio).

3

motion to proceed *in forma pauperis* on appeal is denied.

  IT IS SO ORDERED.

                _/s/ Donald C. Nugent 8/26/13_
                DONALD C. NUGENT
                UNITED STATES DISTRICT JUDGE